UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER CATALDIE** | CASE NO. _____ |
| **VERSUS** | |
| **SEASIDE HEALTH SYSTEMS, LLC, ERIC GINTOLI, AND ROBERT V. BLANCHE MD, LLC** | |

# COMPLAINT

Plaintiff, Christopher Cataldie ("Mr. Cataldie") an individual of the full age of majority who brings this complaint against Seaside Health Systems, LLC, Eric Gintoli, and Robert V. Blanche MD, LLC, stating the following:

*Defendants*

1.

Made Defendants herein and liable unto Mr. Cataldie are the following:

- Seaside Health Systems, LLC, a Louisiana limited liability company with its principal place of business at 425 Ashley Ridge Blvd, Suite 340, Shreveport, LA;

- Eric M. Gintoli, an individual of the full age of majority who is a resident of the State of Louisiana; and

- Robert V. Blanche MD, LLC, a Louisiana limited liability company with its principal place of business at 9655 Perkins Rd., Suite C-184, Baton Rouge, LA 70810.

*Jurisdiction and Venue*

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Mr. Cataldie files this action pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

3.

In addition to this Court's original jurisdiction over Mr. Cataldie's claims arising from the FLSA, this Court has supplemental jurisdiction over Mr. Cataldie's Louisiana Penalty Wage Act claim and his alternative breach of contract claim in accordance with 28 U.S.C. § 1367.

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Robert V. Blanche MD, LLC resides in this district, and all of the defendants reside within the State of Louisiana.

*Plaintiff's FLSA Claim*

5.

Defendants employed Mr. Cataldie on or about July 1, 2018.

6.

During the time period relevant to this lawsuit, Mr. Cataldie was employed as a nurse practitioner. From the beginning of Mr. Cataldie's employment with Defendants until approximately January 20, 2019, Mr. Cataldie was paid, or to be paid, a "weekday" rate of $500.00 per day, and a "weekend" rate of $1,000.00 per day. Additionally, Mr. Cataldie was paid, or to be paid, $75.00 per completed psychiatric evaluation. Mr. Cataldie's compensation depended solely on the number of days he worked in a workweek.

7.

Mr. Cataldie was a non-exempt employee of the Defendants during the time period to which this action pertains because Mr. Cataldie never received a salary of a minimum of $455.00 per week.

8.

Mr. Cataldie would routinely work in excess of 40 hours in a workweek.

9.

Despite the fact that Mr. Cataldie was a non-exempt employee under the Fair Labor Standards Act, he was never paid an overtime rate of one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week.

10.

At all times relevant herein, defendant Eric Gintoli was the Chief Executive Officer of Seaside Health System, LLC. Upon information and belief, Eric Gintoli established Seaside Health System, LLC's policy not to pay overtime compensation to Mr. Cataldie. Additionally, Eric Gintoli negotiated and entered into the employment agreement between Mr. Cataldie and Seaside Health System, LLC.

11.

Seaside Health System, LLC is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

12.

On information and belief, Defendant Seaside Health System, LLC has annual revenue that exceeds $500,000.00 for all years relevant to this matter.

13.

On information and belief, Mr. Cataldie, during and in connection with his employment with Defendant Seaside Health System, LLC, used computer systems, medicine, medical supplies, and instruments that were produced in commerce.

14.

On information and belief, Defendant Seaside Health System, LLC and Defendants Robert V. Blanche MD, LLC are in the business of providing inpatient healthcare related services to mentally ill individuals. Accordingly, Seaside Health System, LLC and Robert V. Blanche MD, LLC are covered enterprises under the FLSA.

15.

Defendants are Mr. Cataldie's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendants (1) controlled Mr. Cataldie's method and manner of work; (2) controlled the schedule for when Mr. Cataldie would work; and (3) had a much larger investment, in comparison to Mr. Cataldie, relative to the work performed.

16.

Section 207(a)(2)(C) of the FLSA mandates that employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

17.

The Defendants have willfully refused to pay overtime to Mr. Cataldie for hours worked in excess of 40 hours per week in an attempt to extract a higher profit margin for the Defendants.

18.

The Defendants' failure to pay Mr. Cataldie overtime compensation was unreasonable and lacked good faith, and as such, the Defendants are liable to Mr. Cataldie for the unpaid overtime compensation, liquidated damages, and reasonable attorney's fees and costs.

### *Plaintiff's Louisiana Penalty Wage Act Claim*

19.

La. R.S. 23:631(A)(1)(a) provides the following:

Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of the employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

20.

Mr. Cataldie and Seaside Health System, LLC entered into an agreement wherein for the year of 2018, Mr. Cataldie would receive (1) $500.00 per day for each weekday he worked; (2) $1000.00 per day for each weekend day he worked; and (3) $75.00 per psychiatric evaluation he performed.

21.

 Mr. Cataldie's last date of employment with Defendants was on or about January 20, 2019. However, throughout Mr. Cataldie's employment with the Defendants, he received sporadic and inconsistent payments for his wages. After Mr. Cataldie's employment stopped, none of the Defendants have paid Mr. Cataldie for all of the wages owed to him.

22.

On February 8, 2019, Mr. Cataldie sent written demand requesting his unpaid wages.

23.

More than 72 hours have elapsed from the date of demand, and Mr. Cataldie has still not received all of his unpaid wages.

24.

The Defendants' refusal to pay the wages to Mr. Cataldie was arbitrary, capricious, and unreasonable. Accordingly, Plaintiff is entitled to penalty wages as defined by La. R.S. 23:632, plus his reasonable attorney's fees and costs.

*Plaintiff's Alternative Breach of Contract Claim*

25.

In the alternative to the foregoing causes of action, Seaside Health System, LLC has breached its contract with Mr. Cataldie.

26.

On or about July 1, 2018, Mr. Cataldie and Seaside Health System, LLC entered into a contractual agreement whereby Mr. Cataldie would provided his labor as a nurse practitioner in exchange for compensation as follows: (1) $500.00 per "weekday" of services rendered; (2) $1,000.00 per "weekend" day of services rendered; and (3) $75.00 per psychiatric evaluation.

27.

From July of 2018 through January 20, 2019, Mr. Cataldie worked numerous weekdays, weekends, and performed dozens of psychiatric evaluation without receiving any payment for that work.

28.

On January 21, 2019, Mr. Cataldie provided Seaside Health System, LLC notice that they were in breach of the contract and that it would be terminated.

29.

In accordance with the provisions of the contract, Mr. Cataldie sent notice of the breach in writing on February 8, 2019.

30.

Seaside Health System, LLC has not cured its breach of the contract.

31.

Section 15.4 provides that "Attorneys' fees and any costs of a proceeding for enforcing this Agreement will be paid by the losing party." Accordingly, Seaside Health System, LLC is liable to Mr. Cataldie for all unpaid compensation due under the contract and for his attorney's fees and costs.

**WHEREFORE,** plaintiff prays that there be service and citation upon the defendants, and that after all legal delays and proceedings that there be a judgment rendered in favor of the plaintiff and against the defendants, Seaside Health System, LLC, Eric Gintoli, and Robert V. Blanche MD, LLC, *in solido*, for accumulated wages at the overtime rate as required by law, and an equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding.

Additionally, plaintiff prays that there be a judgment rendered in his favor and against Seaside Health System, LLC for unpaid wages, penalty wages, reasonable attorney's fees, costs of this proceeding, and interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding

Alternatively, plaintiff prays that there be a judgment rendered in his favor and against Seaside Health System, LLC for unpaid compensation under the contract between the parties, reasonable attorney's fees, costs of this proceeding, and interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding

Respectfully Submitted:

**THE BULLMAN LAW FIRM, LLC**

*/s/James R. Bullman*
James R. Bullman, Bar Roll No. 35064 –T.A.
201 St. Charles Street
Baton Rouge, LA 70802
Telephone:  (225) 993-7169
Facsimile:  (225) 387-3198
Email: james@thebullmanlawfirm.com
*Attorney for Plaintiff*